UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.:

Damien Espinal,

    Plaintiff,

vs.

RPM Living, LLC,

    Defendant.
_____/

**COMPLAINT**

Plaintiff, Damien Espinal ("Plaintiff"), by and through the undersigned counsel, and hereby sues Defendant, RPM Living, LLC ("Defendant"), and alleges as follows:

1. This is an action for declaratory and injunctive relief and damages pursuant to the American with Disabilities Act ("ADA") to redress injuries resulting from Defendant's unlawful disability based discriminatory treatment of Plaintiff.

2. At all times material hereto, Plaintiff was a resident of Palm Beach County, Florida.

3. Defendant is a Foreign Profit Corporation authorized to conduct business in the State of Florida, where Plaintiff worked for Defendant.

4. Venue is proper because the employment practices hereafter alleged to be unlawful were committed within the jurisdiction of this Court.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

5. The Plaintiff worked for RPM Living, LLC (the "Company") from November 2021 through August 1, 2023, as a Leasing Associate.

6. The Plaintiff's job duties for the Company primarily included completing tasks on the computer, speaking with the Company's clients on the phone, and occasionally giving tours of the property.

7. On March 15, 2023, the Plaintiff sustained an injury that resulted in a torn ACL and meniscus.

8. These injuries have permanently inhibited the Plaintiff's ability to walk, stand, lift, and bend.

9. On March 21, 2023, the Plaintiff visited a doctor who approved a return to work on light duty using crutches beginning April 4, 2023.

10. The Plaintiff's doctor provided a note reflecting the same, which was immediately given to the Plaintiff's supervisor, Giselle Rahman, the Company's Property Manager.

11. Although the Plaintiff's medical condition required the use of crutches to move around, the Plaintiff was fully able to carry out job duties for the Company. O

12. On April 12, 2023, the Plaintiff returned to work using crutches.

13. However, upon seeing that the Plaintiff was using crutches, Giselle stated that the Plaintiff was a liability to the Company and demanded that the Plaintiff take unpaid leave from work until March 18, 2023.

14. Although the Plaintiff asked Giselle for various accommodations, including using a wheelchair or scooter or being assigned only computer work that did not require moving around the property, Giselle refused and demanded that the Plaintiff leave work.

15. On April 18, 2023, the Plaintiff visited a doctor again, who cleared the Plaintiff to return to work.

16. The Plaintiff's doctor provided a note requesting that the Company "limit [the Plaintiff's] duties to computer work [and] limit the amount of walking and lifting."

17. The Plaintiff sent this doctor's note to Giselle and the Plaintiff's other supervisor, the Company's Regional Property Manager, Kelley Maragos.

18. In response, both Giselle and Kelley stated that the Plaintiff needed to fill out an FMLA leave request form and take unpaid leave.

19. However, the Plaintiff was able to continue performing job duties with the reasonable accommodations requested in the doctor's note.

20. The Plaintiff returned to work on April 24, but Giselle immediately sent the Plaintiff home again instead of attempting to accommodate these requests.

21. However, just two weeks prior to the Plaintiff's injury, Giselle reported to work with a broken foot, and the Company permitted her to continue working with the accommodation of using a motorized scooter, even though Giselle performed similar job duties as the Plaintiff.

22. Nonetheless, Giselle repeatedly denied the Plaintiff's requests to continue working while using a wheelchair, crutches, or a scooter.

23. On May 4, 2023, the Plaintiff received an email from Ginger Hicks, the Company's Benefit and Leave Administrator.

24. In her email, Ginger stated that the Plaintiff must continue to take unpaid leave and could not return to work until able to perform job duties without any restrictions or accommodations.

25. The Plaintiff was confused by Ginger's email because, when Giselle came to work with her injury, she was allowed to continue working with the accommodation of using a scooter.

26. However, the Plaintiff was not given the same opportunity.

27. On May 9, 2023, the Plaintiff visited a doctor who cleared the Plaintiff to return to work with no restrictions and provided a doctor's note stating the same.

28. The Plaintiff then returned to work on May 12.

29. Upon returning to work, the Plaintiff noticed that Ginger and Robyn Andrews, the Company's Regional Human Resources Manager, began to micromanage every aspect of the Plaintiff's job.

30. Giselle also began subjecting the Plaintiff to false allegations of violating Company policies.

31. Within the span of a week, Giselle made five separate false allegations against the Plaintiff.

32. During the Plaintiff's tenure with the Company, there had never been any complaints prior to the Plaintiff's requests for accommodations related to the medical condition, and the Plaintiff frequently received praise from supervisors and clients for good work.

33. On July 5, 2023, Giselle called the Plaintiff into her office, falsely accused the Plaintiff of engaging in rude or unprofessional behavior toward clients, and issued a written disciplinary notice based on the same.

34. However, throughout the Plaintiff's employment with the Company, the Plaintiff continuously received praise from the Company's clients and had never been the subject of client complaints.

35. On August 1, 2023, Giselle called the Plaintiff into her office and informed the Plaintiff that employment with the Company was terminated.

36. The Plaintiff believes that the Company forced the Plaintiff to take unpaid leave, subjected the Plaintiff to false accusations of violating Company policy, and ultimately terminated

employment because of the Plaintiff's medical condition and/or because of the Plaintiff's requests for accommodations related to the same.

37. All administrative prerequisites are complete as a Right to sue letter was issued by the EEOC on October 21, 2024.

## COUNT I
### *Disability Discrimination in Violation of the ADA*
### *Wrongful Termination*

38. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 5 through 37 of this Complaint as if set out in full herein.

39. Plaintiff is a member of a protected class under the ADA.

40. By Defendant's conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's disability and chronic conditions and subjected the Plaintiff to animosity based on his disability and chronic conditions.

41. Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is disabled.

42. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of his disability was unlawful but acted in reckless disregard of the law.

43. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

44. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

45. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

46. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

47. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

48. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

WHEREFORE, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the ADA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by

E. Defendant, or in lieu of reinstatement, award front pay;

F. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *RETALIATION IN VIOLATION OF THE ADA*

49. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 5 through 37 of this Complaint as if set out in full herein.

50. Defendant is an employer as that term is used under the applicable statutes referenced above.

51. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting Plaintiff under the ADA.

52. The foregoing unlawful actions by Defendant were purposeful.

53. Plaintiff voiced opposition to unlawful employment practices during employment with Defendant and was the victim of retaliation thereafter, as related in part above.

54. Plaintiff is a member of a protected class because Plaintiff reported unlawful employment practices and was the victim of retaliation thereafter.  There is a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

55. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits,

embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

56. These damages are continuing and are permanent.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the ADA and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of the ADA;

B. Award PLAINTIFF compensatory damages for emotional distress, embarrassment and humiliation;

C. Grant a permanent injunction enjoining the DEFENDANT, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

D. Reinstate PLAINTIFF to the same position he held before the retaliatory personnel action, or to an equivalent position;

E. Reinstate full fringe benefits and seniority rights to PLAINTIFF;

F. Order DEFENDANT to make PLAINTIFF whole, by compensating PLAINTIFF for lost wages, benefits, including front pay, back pay with prejudgment interest;

G. For a money judgment representing prejudgment interest;

H. Award any other compensation allowed by law including punitive damages and attorney's fees;

I. Grant PLAINTIFF's costs of this action, including reasonable attorney's fees;

J. Grant PLAINTIFF a trial by jury; and

Grant such other and further relief as the Court deems just and proper.

## COUNT III

### *Failure to Accommodate in Violation of the ADA.*

52. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 5 - 37 above as if set out in full herein.

53. Plaintiff is a member of a protected class under the ADA.

54. By the conduct describe above, Defendants have engaged in discrimination against Plaintiff because of Plaintiff's disability and subjected the Plaintiff to disability-based animosity.

55. Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is disabled.

56. Defendants' conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendants and their supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

57. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendants.

58. Defendants retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

59. As a result of Defendants' actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

60. The conduct of Defendants, by and through the conduct of their agents, employees, and/or representatives, and the Defendants' failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state and/or federal law.

61. The actions of the Defendants and/or their agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state and/or federal law, to punish the Defendants for its actions and to deter it, and others, from such action in the future.

62. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendants' discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendants:

A. Adjudge and decree that Defendants have violated the ADA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendants pay Plaintiff appropriate back pay, benefits' adjustment, and at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendants and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendants to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendants, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances

## COUNT IV
### *Retaliation Under the FMLA*

63. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 5-37 above as if set out in full herein.

64. Plaintiff is an individual entitled to protection under the FMLA.

65. Plaintiff is an employee of Defendant within the meaning of the FMLA.

66. Plaintiff and/or an individual closely associated with Plaintiff engaged in protected activity within the meaning of the FMLA.

67. Defendant retaliated against Plaintiff for exercising rights protected under the FMLA.

68. Defendant's actions constitute a violation of the FMLA.

69. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the FMLA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, front pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to his position at the rate of pay and with the full benefits he would have, had he not been discriminated against by Defendant, or in

      lieu of reinstatement, award his front pay;

    e. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

    Plaintiff demands trial by jury of all issues triable as of right by jury.


Date: 1/7/24

                                        Respectfully submitted
                                        By: /s/: *Elvis J. Adan*
                                        Elvis J. Adan, Esq.
                                        Fla. Bar No.: 24223

                                        GALLARDO LAWOFFICE, P.A.
                                        8492 SW 8th Street
                                        Miami, Florida 33144
                                        Telephone: (305) 261-7000
                                        Facsimile: (305) 261-0088